788 A.2d 330 (2002)
DIVISION OF YOUTH AND FAMILY SERVICES, Plaintiff-Respondent,
v.
L.C., Defendant-Appellant.
In the Matter of the Guardianship of R.L.C. and B.L.C., Minors.
Superior Court of New Jersey, Appellate Division.
Submitted November 14, 2001.
Decided January 15, 2002.
*331 Peter A. Garcia, Acting Public Defender, attorney for appellant (William J. Sweeney, Designated Counsel, on the brief.)
John J. Farmer, Attorney General, attorney for respondent (Michael Haas, Assistant Attorney General, of counsel; Stephanie S. Anatale, Deputy Attorney General, on the brief).
Peter A. Garcia, Acting Public Defender, Law Guardian for the minor children (Joyce L. Maraziti, Assistant Deputy Public Defender, on the brief).
Before Judges SKILLMAN and CARCHMAN.
The opinion of the court was delivered by CARCHMAN, J.A.D.
Defendant L.C. appeals from a judgment of the Family Part terminating his parental rights to two of his children, R.L.C., born May 12, 1994, and B.L.C., born April 15, 1996. In an extensive written opinion, Judge Villano concluded that plaintiff New Jersey Division of Youth and Family Services (DYFS) had met its burden of proof under the four-pronged analysis required by N.J.S.A. 30:4C-15.1(a). See New Jersey Div. of Youth and Fam. Servs. v. A.W., 103 N.J. 591, 512 A.2d 438 (1986). We agree and affirm.
We need not recount the extensive factual background of this case involving substance abuse, recurrent domestic violence and the failure of defendant to provide the necessary parental guidance required to fulfill a basic parental role, as they are expansively set forth in the trial judge's findings. We observe that the proofs established at trial demonstrated that defendant, by his own admission in an earlier protective services case, N.J.S.A. 9:6-8.21 to -8.73, had engaged in a pattern of abuse and neglect. The judge's opinion also recited in detail the attempts made by DYFS to assist defendant, as well as a recitation and analysis of the experts retained by *332 DYFS (and defendant) to address the issues of bonding and, ultimately, "the best interests of the children."
Defendant and B.C., who had previously surrendered her rights to the two children in issue here as well as a third child, C.C., were involved in a stormy and abusive relationship. The parties originally resided in Colorado and, following R.L.C.'s birth, that state instituted a protective services action and placed the child in foster care. B.C., who suffered from significant substance abuse, gave birth to the second child, B.L.C., who was also subject to the Colorado protective services order.
In August 1996, the parties moved to New Jersey. Colorado notified DYFS, and DYFS assumed jurisdiction over the parties. In April 1998, DYFS filed a protective services action, and the children were placed in foster care. Ultimately, DYFS filed the termination action resulting in the judgment under review.
On appeal, defendant asserts that: 1) he was denied due process because the same judge presided over the both the protective services action and termination case and was required to judge the credibility of the same defendant and witnesses; 2) the New Jersey courts did not have jurisdiction over the parties under the Uniform Child Custody Jurisdiction Act (UCCJA), N.J.S.A. 2A:34-28 to -52, or the Interstate Compact on the Placement of Children (ICPC), N.J.S.A. 9:23-5 to -17; and 3) the trial judge's findings were not supported by clear and convincing evidence.
[At the request of the Appellate Division, those portions of the opinion addressing the factual contentions of the parties and defendant's argument that the findings were not supported by the record have been redacted. The remaining portions of the opinion are published in their entirety.]
We have carefully reviewed the entire record presented on this appeal, and we conclude that defendant's assertion that the evidence did not support the judge's findings is without merit. R. 2:11-3 (e)(1)(A) and (E). We affirm substantially for the reasons set forth in Judge Villano's thorough written opinion of April 3, 2001.
We reject defendant's argument that a separate judge should have presided over the protective services (Title 9) case and the termination (Title 30) proceeding. Defendant's argument is premised on the assertion that the judge in one case acquires "personal knowledge." See R. 1:12-1(d)[1] and Code of Judicial Conduct, Canon 3(C)(1)(a).[2]
We first observe that this issue was not raised below, and no objection was made by counsel to the judge presiding over the Title 30 proceeding after she had heard the Title 9 case. Notwithstanding that procedural deficiency, we note that while both the Title 9 and Title 30 cases involve the same families, the relief sought is significantly different. New Jersey Div. of Youth and Fam. Serv. v. K.M., 136 N.J. 546, 557, 643 A.2d 987 (1994). Most importantly, the standard of proof is different as the Title 9 case requires proof by a preponderance of the believable evidence, see N.J.S.A. 9:6-8.46(b)(1), while the Title 30 case requires proof by clear and convincing evidence. See K.M., supra, 136 N.J. at 557, 643 A.2d 987. In K.M., the Court observed:

*333 Abuse-or-neglect and termination proceedings are brought under separate statutory schemes, require different burdens of proof, and allow for different remedies. The applicable statutes do not prohibit DYFS from bringing a termination proceeding while an abuse-or-neglect proceeding was pending in the court. Not only may DYFS bring such actions concurrently, but in many instances DYFS in fact must bring concurrent actions to remain in compliance with Title 30.

[Id. at 555, 643 A.2d 987.]
Significantly, here, the facts of the Title 9 case were essentially agreed upon, and the relief granted was based, in good measure, on defendant's stipulation to the underlying facts. The suggestion that defendant's credibility was a significant issue rings hollow.
There is, however, a more significant policy justification for one judge hearing both matters. In K.M., the Court commented on the need to coordinate and expedite both the Title 9 and Title 30 cases. The Court also acknowledged the "traditional notion of one court/one family," K.M., supra, 136 N.J. at 561, 643 A.2d 987, not in the context of depriving a defendant of due process but, to the contrary, eliminating defendant's burden to defend in two forums issues that could be resolved with one counsel and, ultimately, one judge sufficiently familiar with a family so as to expedite matters. We are neither unmindful of nor do we minimize a defendant's due process concerns, but judges are constantly required to adjudicate matters involving parties and related disputes which have come before the judge in a different proceeding. Judges are perfectly capable of recognizing the different issues involved, different standards of proof required and different remedies sought without "prejudging" a defendant so as to implicate due process concerns. Ultimately, the issue to be determined is the future of the children protected by the statutory and judicial schemes at issue. Fully cognizant of a judge's sworn responsibility under the constitution and the law, we fail to see that either the cited rule or canon bars a judge from adjudicating both the Title 9 and Title 30 case. Ultimately the judge, on appropriate application from a litigant, must consider whether her involvement in a case warrants that judge recusing herself from further consideration of the issues. But we find no basis to conclude that a per se rule, which is being urged here, is warranted.
Finally, we reject defendant's argument that New Jersey lacked jurisdiction over the parties. Defendant and the children resided in New Jersey for two years before DYFS commenced the Title 9 action. This is far beyond the six-month period delineated in the UCCJA, N.J.S.A. 2A:34-30e.[3] We also conclude that the ICPC has no application to the facts of this case. Again, the parties had resided in New Jersey for two years at the time of filing the Title 9 action, the acts of abuse and neglect had occurred here, and New Jersey properly assumed jurisdiction over the parties.
Affirmed.
NOTES
[1] This section provides that a judge shall be disqualified if the judge "has given an opinion upon a matter in question ...."
[2] This canon requires disqualification where a judge "has personal knowledge of disputed evidentiary facts concerning the proceeding."
[3] This section provides:

"Home state" means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least 6 consecutive months, and in the case of a child less than 6 months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period[.]